# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARLO WILLIAMS,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-13-0127-C-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　　Agency. | DATE: May 8, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carl R. Hudson, Atlanta, Georgia, for the appellant.

Janelle M. Sherlock, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement of a settlement agreement that resolved her removal appeal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective August 18, 2012, the agency removed the appellant from her position of Stamp Distribution Clerk. *See Williams v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-0127-I-1, Initial Appeal File (IAF), Tab 8, Part 4 at 3-7. She subsequently filed a Board appeal challenging her removal. IAF, Tab 1. During the appeal process, the parties entered into a settlement agreement that resolved the appellant's Board appeal. *See* IAF, Tab 13. Under the terms of the settlement agreement, the agency agreed, among other things, to cancel the appellant's removal, reinstate her to her former position, and provide her with back pay for the period of time from the issuance of the notice of proposed removal on June 8, 2012, until her return to work on February 11, 2013. *Id.* at 5-6. The administrative judge issued an initial decision dismissing the appeal as settled and entering the settlement agreement into the record for enforcement purposes. IAF, Tab 14, Initial Decision (ID) at 1-2. The administrative judge found that the settlement agreement was lawful on its face and freely entered into by the parties in a matter over which the Board has jurisdiction, and that the

parties understood its terms. ID at 1-2. The initial decision became final when neither party petitioned for review. *See* ID at 2-3; *see also* 5 C.F.R. § 1201.113.

¶3 The appellant filed a petition for enforcement alleging that the agency failed to comply with the settlement agreement. *Williams v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-0127-C-1, Compliance File (CF), Tabs 1-3, 5. The agency responded, asserting that it had complied with the settlement agreement and attaching documentation indicating that it had provided her back pay. CF, Tab 7. The agency also stated that the processing of the appellant's back pay was delayed because she refused to sign the Postal Service (PS) Form 8039, Back Pay Decision/Settlement Worksheet, and failed to explain why she disputed the agency's calculations. CF, Tab 6. The appellant replied to the agency's response, restating her argument that the agency miscalculated her back pay and providing documentation in support of her argument. CF, Tab 8. In a compliance initial decision, the administrative judge found that the agency complied with the settlement agreement and denied the appellant's petition for enforcement. CF, Tab 9, Compliance Initial Decision (CID) at 1, 5.

¶4 The appellant has filed a petition for review of the compliance initial decision. *Williams v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-0127-C-1, Compliance Petition for Review (CPFR) File, Tabs 1-2. The agency has filed a response in opposition.[2] CPFR File, Tab 6.

---

[2] The agency's response to the petition for review was filed 3 days late. *See* CPFR File, Tabs 5-6. The appellant has not replied to the agency's response or contested it as untimely. Although the Board sets time limits for agencies to submit evidence of compliance, additional submissions may be accepted beyond the time limits if the circumstances warrant, such as when the evidence is new and material. *See Gevaert v. Department of the Navy*, 74 M.S.P.R. 303, 306 (1997). Thus, we will consider the agency's evidence of compliance because it directly rebuts the appellant's claims on review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5       In her petition for review, the appellant contends that the administrative judge erred in denying her petition for enforcement because the agency allegedly breached the settlement agreement by failing to provide her with the appropriate amount of back pay. CPFR File, Tab 1 at 4. The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010). A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Id.* Where, as here, an appellant files a petition for enforcement of a settlement agreement over which the Board has enforcement authority, the agency must produce relevant, material, and credible evidence of its compliance with the agreement. *Id.* However, the ultimate burden of proof is on the appellant, as the party seeking enforcement, to show that the agency failed to fulfill the terms of an agreement. *Id.*

¶6       The appellant alleges that the agency erroneously charged her with 24 hours of leave without pay (LWOP) from July 11, 2012, through July 13, 2012. CPFR File, Tab 1 at 4; *see* CF, Tab 8 at 39. The agency submitted a declaration from its Acting Manager of Financial Programs Compliance admitting that the agency charged the appellant with 24 hours of LWOP from July 11, 2012, through July 13, 2012, but also stating that the agency converted the disputed 24 hours of LWOP to paid administrative leave in pay period 17 of 2012. CPFR File, Tab 6 at 6-7. Moreover, the agency's pay journal for pay period 17 of 2012 reflects that the agency adjusted pay period 15 of 2012 by subtracting 24 hours of LWOP (payroll code 60), subtracting 16 hours of other paid leave (payroll code 86), and adding 40 hours of other paid leave (payroll code 86). *Id.* at 10; *see* IAF, Tab 8, Part 3 at 62 (payroll codes chart). The Supervisor of the Payroll Department's declaration signed under penalty of perjury and the PS Form 8039 both support the agency's position that the appellant was paid administrative leave from

July 11, 2012, though July 13, 2012.  CF, Tab 7 at 9-11, Tab 8 at 10.  Based on the agency's evidence, we find that the agency properly converted the disputed 24 hours of LWOP to administrative leave.

¶7        The appellant further alleges that the agency failed to pay her overtime for pay periods 15 through 18 of 2012.  CPFR File, Tab 1 at 4.  The agency noted in the PS Form 8039 that the appellant was not entitled to back pay for pay periods "2012-13-2 thru 2012-18-1" because she received administrative leave for these pay periods.  CF, Tab 8 at 10.  Moreover, the Supervisor of the Payroll Department's declaration states that the agency paid the appellant administrative leave for pay periods 13 through 18 of 2012, from June 8, 2012, through August 17, 2012.  CF, Tab 7 at 9-11; *see* CPFR File, Tab 2 at 4 (pay period calendar for 2012).  The declaration is supported by the agency's pay journals for pay periods 15 through 17 of 2012, which establish that the appellant was paid administrative leave (payroll code 86) for these pay periods.  CPFR File, Tab 6 at 8-10; *see* IAF, Tab 8, Part 3 at 62 (payroll codes chart).  Additionally, the agency's back pay report shows that the appellant was paid 3.06 hours of overtime for week 2 of pay period 18 of 2012.  CF, Tab 7 at 13.  Therefore, we find that the agency paid the appellant administrative leave instead of back pay for pay periods 15 through week 1 of pay period 18 in 2012 and paid her back pay for week 2 of pay period 18 of 2012, including overtime.

¶8        Finally, the appellant argues that the agency did not provide documentation showing that it paid her administrative leave for pay periods 13 through 18 of 2012.  CPFR File, Tab 1 at 4.  The Supervisor of the Payroll Department's declaration stating that the agency paid the appellant administrative leave for pay periods 13 through 18 of 2012, from June 8, 2012, through August 17, 2012, establishes that the appellant was compensated for these dates.  *See* CF, Tab 7 at 9-11; *see also* CPFR File, Tab 2 at 4 (pay period calendar for 2012).

¶9      For these reasons, we agree with the administrative judge that the agency complied with the settlement agreement and find that the appellant has failed to provide a reason to disturb the compliance initial decision.[3]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

---

[3] The appellant asserts that she did not cause the back pay processing delay because she tried to express her disagreements with the PS Form 8039 to the agency, but the Labor Relations Specialist allegedly did not return her telephone calls.  CPFR File, Tab 1 at 4; *see* CID at 3.  She also argues that the administrative judge erred by stating an incorrect date for a corresponding pay period.  CPFR File, Tab 1 at 4; *see* CID at 4.  Even assuming that these disputed findings of fact are erroneous, we find that they are immaterial to the outcome of this matter and, thus, we decline to address them further. 5 C.F.R. § 1201.115(a).

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.